IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD HINES, # 156086, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:09cv962-TMH |
| | ) | (WO) |
| LOUIS BOYD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed on October 13, 2009, by state inmate Ronald Hines ("Hines"). (*Doc. No. 1*.)  In his petition, Hines challenges his guilty plea conviction for unlawful possession of a controlled substance entered against him in 2009 by the Circuit Court of Covington County, Alabama.  Specifically, he attacks his competency to enter his guilty plea

Pursuant to this court's orders, the respondents filed an answer to Hines's petition in which they argue that Hines has failed to exhaust his state remedies with respect to each of the claims presented in his habeas petition. (*Doc. No. 7.*)  Specifically, the respondents maintain that Hines has pending in the trial court both a motion to withdraw his guilty plea and a state post-conviction petition filed pursuant to Ala.R.Crim.P. 32.  This court entered an order directing Hines to show cause why his petition should not be dismissed for his failure to exhaust state remedies. (*Doc. No. 8.*)  However, Hines has filed nothing in response to the court's order.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)."). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In order to fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, *supra*, 526 U.S. at 845.

Here, the respondents maintain that Hines has pending in the state trial court a motion to withdraw his guilty plea and a post-conviction petition filed pursuant to Ala.R.Crim.P. 32. Hines does not state otherwise. It thus appears that Hines has not yet exhausted his state court remedies with respect to the claims presented in his federal petition. This court does not deem it appropriate to rule on the merits of Hines's claims without first requiring that she exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the court concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Hines can exhaust his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Hines an opportunity to exhaust all state court remedies available to him. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 28, 2009.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)

Done this 14th day of December, 2009.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

3